UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JANE DOE,

          Plaintiff,

  -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT ("NYPD") OFFICER
KATHERINE PAEZ; NYPD OFFICER "JOHN" SWIFT
(SHIELD # 10566); NYPD OFFICER "JOHN"
CASTILLO; NYPD OFFICER "JOHN" STALIKAS;
NYPD SERGEANT "JOHN" COCA; AND NYPD
OFFICERS JOHN DOES #1-10,

          Defendants.

**ANSWER**

18-cv-11414 (AKH)

------------------------------------------------------------------------ x

    Defendants the City of New York and individual Defendants New York City Police Department Police Officer (P.O.) Katherine Paez, P.O. Alejandriana Castillo (sued herein as "NYPD Officer 'John' Castillo"), P.O. James Stalikas (sued herein as "NYPD Officer 'John' Stalikas"); and Sergeant Claudio Coca (sued herein as "NYPD Sergeant 'John' Coca") (collectively, the "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege as follows:

    1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff was arrested by an NYPD officer on February 7, 2018 for a misdemeanor related to a September 2017 dispute with her ex-partner, that Plaintiff was pregnant when she was arrested, and that Plaintiff delivered a baby at Montefiore Medical Center ("Montefiore") on February 8, 2018.

    2.  Deny the allegations set forth in paragraph "2" of the Complaint.

3. Deny the allegations set forth in paragraph "3" of the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff was transported from the Bronx Family Court to the 47th Precinct station house, from the 47th Precinct to Montefiore and back, from the 47th Precinct to Central Booking and back, and from the Precinct back to Montefiore.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that on February 8, 2018, Plaintiff went into labor, that Plaintiff was transported from the 47th Precinct to Montefiore, and that at approximately 6:14 a.m. Plaintiff gave birth to a daughter.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff was arraigned in her hospital bed after giving birth.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

10. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Complaint, except admit that, upon information and belief, Plaintiff was a resident of the Bronx, New York, on February 7-8, 2018.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the City of New York is a municipality organized and existing under the laws of the State of New York, and respectfully refer the Court to the relevant provisions of the Charter of the City of New York for a full and complete description of the NYPD's responsibilities.

12. The allegations set forth in paragraph "12" of the Complaint constitute legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations, except admit that Defendants Paez, Swift, Castillo, Stalikas and Coca are police officers and City employees.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as set forth therein.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff purports to lay venue of this action in the Southern District.

16. Admit that Plaintiff purports to proceed as set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the excerpts of the model state legislation are accurately quoted and respectfully refer the Court to the AMA model state legislation cited at footnote 1 of Plaintiff's Complaint for a complete and accurate statement of its contents.

21. Deny the allegations set forth in paragraph "21" of the Complaint, and respectfully refer the Court to the article cited at footnote 2 of Plaintiff's Complaint for a complete and accurate statement of its contents.

22. Deny the allegations set forth in paragraph "22" of the Complaint, and respectfully refer the Court to the article cited at footnote 3 of Plaintiff's Complaint for a complete and accurate statement of its contents.

23. Deny the allegations set forth in paragraph "23" of the Complaint, and respectfully refer the Court to the article cited at footnote 4 of Plaintiff's Complaint for a complete and accurate statement of its contents.

24. Deny the allegations set forth in paragraph "24" of the Complaint, and respectfully refer the Court to the article cited at footnotes 3 and 5 of Plaintiff's Complaint for a complete and accurate statement of its contents.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, and respectfully refer the Court to the articles cited at footnotes 3 and 6 of Plaintiff's Complaint for a complete and accurate statement of its contents.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to the article cited at footnote 7 of Plaintiff's Complaint for a complete and accurate statement of its contents.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that the excerpts of the article are accurately quoted and respectfully refer the Court to the article cited at footnote 8 of Plaintiff's Complaint for a complete and accurate statement of its contents.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, and respectfully refer the Court to the articles cited at footnotes 5, 9, and 10 of Plaintiff's Complaint for a complete and accurate statement of its contents.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that the excerpt of the article is accurately quoted and respectfully refer the Court to the article cited at footnote 11 of Plaintiff's Complaint for a complete and accurate statement of its contents.

33. Deny the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to the mandate cited at footnote 12 of Plaintiff's Complaint for a complete and accurate statement of its contents.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that some states have adopted laws banning and/or limiting the use of restraints on women who are pregnant under certain situations.

35. Deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer the Court to the statutory provision cited therein for a complete and accurate statement of its contents.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that the excerpts of the statutory provision are accurately quoted and respectfully refer the Court to the statutory provision cited at footnote 12 of Plaintiff's Complaint for a complete and accurate statement of its contents.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that NYPD officers arrested a woman who was pregnant, that officers transported the woman to the hospital, and that the woman was in the hospital for approximately 72 hours, and

respectfully refer the Court to the Complaint filed in Index No. 303220/16 for a complete and accurate statement of the allegations made in that action.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that the City and several NYPD officers were sued, and that the City settled the action in 2017.

39. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "39" of the Complaint, except admit that Plaintiff was 27 years old on February 7-8, 2018.

40. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "40" of the Complaint, except admit that Plaintiff was pregnant on February 7, 2018.

41. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief regarding the truth of the allegation in paragraph "42" of the Complaint, except admit that Plaintiff appeared Bronx County Family Court on February 7, 2018.

43. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "43" of the Complaint, except admit that Plaintiff was sitting on a bench in a public corridor of the Bronx County Family Court, and that other people were in the corridor, including Plaintiff's attorney.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that P.O. Paez was present in a public corridor of the Bronx County Family Court the morning of February 7, 2018.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that P.O. Paez asked Plaintiff to stand and that Plaintiff complied.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that, in front of Plaintiff's attorney, P.O. Paez informed Plaintiff that she was under arrest.

47. Admit the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that Plaintiff was visibly pregnant and, that P.O. Paez placed Plaintiff in handcuffs, and that Plaintiff was escorted out of the Bronx County Family Courthouse.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that P.O. Paez knew that Plaintiff was pregnant when she handcuffed her.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that the NYPD arrest log noted that Plaintiff was nine months pregnant.

51. Admit the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that after arriving at the 47th Precinct, Plaintiff's handcuffs were removed, that Plaintiff was placed in a holding cell, and that there was a shift change at the 47th Precinct.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that Plaintiff sought assistance from staff at the 47th Precinct and was transported to Montefiore.

55. Deny the allegation set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that Plaintiff was transported to Montefiore's Wakefield Campus and arrived at Montefiore at approximately 7:50 p.m.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "62" of the Complaint, except admit that Plaintiff was discharged from Montefiore at approximately 9:25 p.m..

63. Deny the allegations set forth in paragraph "63" of the Complaint, except admit that Plaintiff was transported back to the 47th Precinct, that Plaintiff's handcuffs were removed, that Plaintiff was placed in a holding cell, and that the shift at the 47th Precinct subsequently changed.

64. Deny the allegations set forth in paragraph "64" of the Complaint, except admit that after midnight, on February 8, 2018, NYPD officers transported Plaintiff to Central Booking in the Bronx, New York.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint, except admit that Plaintiff was not processed at Central Booking.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit that Plaintiff was brought back to the 47th Precinct.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that Plaintiff was placed in a holding cell and that her handcuffs were removed.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complain, except admit that Plaintiff went into labor and that she sought the attention of the officers at the 47th Precinct.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that Plaintiff was transported to Montefiore.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except admit that Plaintiff was transported to Montefiore.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit that shackles were placed on Plaintiff's feet.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint, except admit that Plaintiff's leg shackles were removed to allow her to change into a hospital gown, and affirmatively state that Plaintiff's hand cuffs were also removed to allow her to change into a hospital gown.

78. Deny the allegations set forth in paragraph "78" of the Complaint. .

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit that Plaintiff delivered a baby girl at 6:14 a.m..

80. Deny the allegations set forth in paragraph "80" of the Complaint, except admit that Plaintiff's leg shackles were removed before she gave birth to her baby.

81. Deny the allegations set forth in paragraph "81" of the Complaint, except admit that Plaintiff was in police custody for hours.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit that P.O. Castillo was aware that Plaintiff had given birth, and that shackles were placed on Plaintiff's feet at certain times.

87. Deny the allegations set forth in paragraph "87" of the Complaint, except admit that Plaintiff fed her daughter.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint, except admit that the excerpt of Plaintiff's medical record is accurately quoted and respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents.

90. Deny the allegation set forth in paragraph "90" of the Complaint, except admit that Plaintiff was unshackled to allow to her to feed her daughter.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint, except admit that the excerpt from Plaintiff's medical record is accurately quoted and respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint, except admit that Plaintiff's handcuffs and leg shackles were removed when Plaintiff was arranged by video conference.

96. Deny the allegations set forth in paragraph "96" of the Complaint, except admit that Plaintiff was arrested for a misdemeanor criminal charge, and that the charge stemmed from an argument between Plaintiff and her ex-partner in September 2017.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint, except admit that a notice of claim upon the City was served on the New York City Office of the Comptroller within 90 days of the events described in the Complaint.

101. Admit the allegations set forth in paragraph "101" of the Complaint.

102. Admit the allegations set forth in paragraph "102" of the Complaint.

103. Repeat and reallege their responses to paragraphs "1" through "102" of the Complaint as if fully set forth herein.

104. The allegations set forth in paragraph "104" of the Complaint constitute legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations, except admit that Defendants Paez, Castillo, Stalikas and Coca are police officers with the NYPD and were acting within the scope of their employment.

105. The allegations set forth in paragraph "105" of the Complaint constitute legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint and affirmatively state that on February 9, 2018, Plaintiff went into labor and gave birth to a daughter.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Repeat and reallege their responses to paragraphs "1" through "114" of the Complaint as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Repeat and reallege their responses to paragraphs "1" through "124" of the Complaint as if fully set forth herein.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Repeat and reallege their responses to paragraphs "1" through "131" of the Complaint as if fully set forth herein.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Repeat and reallege their responses to paragraphs "1" through "136" of the Complaint as if fully set forth herein.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Repeat and reallege their responses to paragraphs "1" through "141" of the Complaint as if fully set forth herein.

143. Deny the allegations set forth in paragraph "143" of the Complaint.

144. Deny the allegations set forth in paragraph "144" of the Complaint.

145. Deny the allegations set forth in paragraph "145" of the Complaint.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Repeat and reallege their responses to paragraphs "1" through "148" of the Complaint as if fully set forth herein.

149. Deny the allegations set forth in paragraph "149" of the Complaint.

150. Deny the allegations set forth in paragraph "150" of the Complaint.

151. Deny the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

**AS AND FOR A FIRST DEFENSE:**

154. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE:**

155. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York, or of any political subdivision thereof.

**AS AND FOR A THIRD DEFENSE:**

156. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably, properly, lawfully, and in good faith.

**AS AND FOR A FOURTH DEFENSE:**

157. At all times relevant to the acts alleged in the Complaint, the duties and functions of Defendants Paez, Castillo, Stalikas, and Coca (collectively, the "individual Defendants") entailed the reasonable exercise of proper and lawful discretion.

**AS AND FOR A FIFTH DEFENSE:**

158. Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, and therefore the individual Defendants are protected from liability by qualified immunity.

**AS AND FOR A SIXTH DEFENSE:**

159. Plaintiff lacks standing to seek declaratory and injunctive relief.

**WHEREFORE**, Defendants respectfully request judgment dismissing the Complaint in its entirety and denying all relief requested therein, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	February 7, 2019

> ZACHARY W. CARTER
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants
> 100 Church Street
> New York, New York 10007
> (212) 356-0871
> mtoews@law.nyc.gov
> (212) 356-0893
> ckruk@law.nyc.gov
>
> By:	s/
> 	Mark Toews
> 	Carolyn Kruk
> 	Assistant Corporation Counsel

To: Plaintiff's counsel (by ECF)